IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MOUSEN ADEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:14-cv-02397 |
| | ) |
| DET. DAVID ACCORD *et al.*, | ) Chief Judge Sharp |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff Mousen Aden, an inmate confined at Riverbend Maximum Security Institution in Nashville, Tennessee, has filed a civil rights complaint under 42 U.S.C. § 1985 against defendants Detective David Accord and Assistant District Attorney Robert McGuire. (ECF No. 1.) The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA").

**I.      Standard of Review**

Under the PLRA, the Court must conduct an initial review of any civil complaint brought by a prisoner if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or if it seeks relief from government entities or officials, 28 U.S.C. § 1915A. Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A. The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [the PLRA] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In conducting the initial review, the Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v.*

*Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**II.     Factual Allegations**

The plaintiff brings suit based on actions that occurred in the course of a state criminal prosecution against him for an aggravated robbery that took place in April 2006. The plaintiff alleges that defendant Accord stated during cross examination at the plaintiff's criminal trial that, when setting up a photographic line-up to be viewed by the victim of the aggravated assault, he manually "change[d] the numerical option of photographic identification protocol, from 6 to 5 to . . . increase [the] probability for inmate [plaintiff] to be identified." (ECF No. 1, at 1.)

The plaintiff further alleges that defendant Assistant District Attorney Robert McGuire "prosecuted the case with illegally obtained evidence knowingly acknowledging the standard protocol of utilizing 6 photograph[s] instead of 5 to increase probability of [plaintiff's] being selected in identification process." (ECF No. 1, at 2–3.)

The plaintiff alleges that the defendants' actions (decreasing the number of photographs in the line-up and introducing that information into evidence) were part of a conspiracy to interfere with his civil liberties and resulted in the obstruction of justice and a denial of due process and equal protection, all in violation of the 6th and 14th Amendments to the United States Constitution.

**III.    Discussion**

The plaintiff seeks to bring suit under 42 U.S.C. § 1985 to vindicate an alleged conspiracy to violate his federal constitutional rights. Section 1985 pertains to conspiracies to prevent any state or federal officer from performing his duties, 42 U.S.C. § 1985(1), to intimidate a party, witness, or juror, *id.* § 1985(2), and to deprive a person of equal protection of the laws on the basis of a racial or other class-based discriminatory animus, *id.* § 1985(3); *see Bartell v. Lohiser*, 215 F.3d 550, 559 (6th Cir. 2000) (citing *United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 829 (1983)). Because the allegations in the plaintiff's complaint do not support any cause of action under 42 U.S.C. § 1985, the Court liberally construes the complaint as brought under 42 U.S.C. § 1983.

Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or

federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Generally, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The plaintiff here alleges that the defendants were acting under color of state law, but he does not allege a violation of his constitutional rights. The constitution does not guarantee that a photographic line-up must be made up of 6 photographs rather than 5. Even if it did, or if the deviation from the state's normal protocol somehow violated the plaintiff's right to due process, the Court takes judicial notice that the plaintiff was not injured by the alleged deviation. According to the opinion of the Tennessee Court of Criminal Appeals, the victim was unable to identify the plaintiff (criminal defendant) from the photographic line-up, despite the alleged deviation from protocol. *See State v. Aden*, No. M2011-02463-CCA-R3-CD, 2013 WL 615392, at *2, *6 (Tenn. Ct. Crim. App. Feb. 19, 2013) (summarizing Detective David Acord's[1] testimony that he had shown the victim the photographic line-up in May 2006 and that "the victim made a 'tentative selection' of two of the photographs," neither of which depicted the plaintiff).

Moreover, insofar as the plaintiff's claims may be construed to challenge the validity of the underlying state conviction or to necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, the claims are not cognizable under § 1983 in the absence of a demonstration that the criminal conviction or sentence in state court "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). In this case, the plaintiff states that the criminal case is "still pending in: Appellate Court at Jackson, TN." (ECF No. 1, at 2.) The Court, however, takes judicial notice that the criminal proceedings have in fact concluded, the Tennessee Court of Criminal Appeals' having affirmed the conviction in February 2013. *State v. Aden*, 2013 WL 615392, at *9. The mandate was issued in May 2013 without the plaintiff's having sought permission to appeal to the Tennessee Supreme Court. *See*

---

[1] "Achord" is apparently the correct spelling of the defendant's name.

http://www2.tncourts.gov/PublicCaseHistory/CaseDetails.aspx?id=40582&Number=True.[2] Because the plaintiff cannot demonstrate that his criminal conviction has been reversed, expunged, or declared invalid, his § 1983 lawsuit to call into question that conviction is barred by *Heck v. Humphrey*.

Finally, because the plaintiff's claims against defendant McGuire are based upon McGuire's actions in prosecuting the plaintiff under state law, his suit for damages against McGuire is barred by absolute prosecutorial immunity. It is well established that prosecutors enjoy absolute immunity from suits under § 1983 for conduct related to the initiation and presentation of the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 427–28 (1976).

**V.    CONCLUSION**

For the reasons set forth herein, the plaintiff's complaint will be dismissed with prejudice. An appropriate order is filed herewith.

*[signature: Kevin H. Sharp]*

KEVIN H. SHARP
Chief Judge
United States District Court

---

[2] The plaintiff apparently did pursue post-conviction relief in the state courts, and his appeal of the denial of his petition for post-conviction relief is still pending. *See* http://www2.tncourts.gov/PublicCaseHistory/CaseDetails.aspx?id=61431&Party=True (showing *pro se* notice of appeal filed October 13, 2014). This may explain why the plaintiff believes his criminal case is "still pending."