IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MOUSEN ADEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:14-cv-02397 |
| DET. DAVID ACCORD *et al.*, | ) Chief Judge Sharp |
| Defendants. | ) ) |

# MEMORANDUM OPINION

Before the Court is plaintiff Mousen Aden's Rule 60 motion for relief from judgment. (ECF No. 10.) The motion is without merit and will be denied.

The Court entered an order on January 9, 2015, dismissing the plaintiff's complaint for failure to state a claim for which relief could be granted. (ECF No. 4.) Although the complaint purported to bring claims under 42 U.S.C. § 1985, the Court liberally construed it as filed under § 1983, because it did not allege facts within the purview of § 1985. The Court dismissed the § 1983 claim that was premised upon an allegedly improper photographic line-up, in part because the plaintiff's allegations failed to demonstrate a violation of his constitutional rights. The Court also noted that, even if they did, the plaintiff failed to establish prejudice because the state court record established that the plaintiff was not injured by the alleged deviation from protocol.

More specifically, the plaintiff complained that police detective David Achord manipulated a photographic line-up so that it would provide an array of only 5 photographs instead of 6, for the purpose of increasing the likelihood that the plaintiff would be identified by the victim. In dismissing the complaint, the Court took judicial notice that the state-court opinion affirming the plaintiff's conviction for aggravated robbery indicated that the victim was unable to identify the plaintiff from the photographic line-up, even though he did positively identify him in court. *See State v. Aden*, No. M2011-02463-CCA-R3-CD, 2013 WL 615392, at *2, *6 (Tenn. Ct. Crim. App. Feb. 19, 2013) (summarizing Detective David Achord's testimony that he had shown the victim the photographic line-up in May 2006 and that "the victim made a 'tentative selection' of two of the photographs," neither of which depicted the plaintiff).

The plaintiff now seeks relief under Rule 60 of the Federal Rules of Civil Procedure, arguing that his judgment of conviction in the Davidson County Criminal Court should be set aside due to the victim's failure to identify him. He asserts that this Court's observation that the victim failed to identify the plaintiff in the photographic line-up "mandate[s] reversal." (ECF No. 10, at 4.) He further argues that Tennessee court's practice of assuming that the "possessor of recently stolen goods means the possessor stole the goods" deprived him of due process. (*Id.* at 5.) He seeks relief in the form of reversal of his criminal conviction and an order that he be released from custody, as well as monetary damages.

The plaintiff does not specify under which subsection of Rule 60 he seeks relief, but the Court presumes he seeks relief under Rule 60(b),[1] which provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6). A decision to grant or deny a Rule 60(b) motion "is a matter of discretion for the district court." *Bank of Montreal v. Olafsson*, 648 F.2d 1078, 1079 (6th Cir. 1981). Relief from a judgment or order under Rule 60(b) is an "extraordinary remedy that is granted only in exceptional circumstances." *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502–03 (6th Cir. 2000). Rule 60(b) "does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). In order to qualify for relief under Rule 60(b), "a party seeking relief from judgment must show the applicability of the rule." *Id.*

---

[1] Rule 60(a), which authorizes relief from a judgment or order on the basis of a clerical mistake or oversight, clearly does not apply.

The plaintiff here does not show that any part of Rule 60(b) applies. He implies that the fact that the victim did not identify him from the photographic line-up is newly discovered evidence, but the plaintiff had access to that information well before this Court did, since the evidence was discussed at his trial.

Moreover, it is apparent that the judgment the plaintiff seeks to set aside is not simply this Court's prior judgment dismissing his § 1983 action but the state criminal court's order of conviction. The only means by which this Court would have the ability to review a state court criminal judgment would be through the filing of a petition for the writ of habeas corpus. The present action is not a habeas action.

The plaintiff is not entitled to relief under Rule 60 and his motion will be denied. An appropriate order is filed herewith.

_____
KEVIN H. SHARP
Chief Judge
United States District Court